UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:13-CV-23685-WILLIAMS

JORGE ROBERTO PRADO ARAGON and
all others similarly situated under 29 U.S.C.
216(B),

    Plaintiff,
vs.

COUP D'ETAT, LLC
COMMODORE, INC. d/b/a GREENSTREET
SYLVANO BIGNON,

    Defendants.
_____/

**DEFENDANT COMMODORE, INC.'S ANSWER**
**TO COMPLAINT AND AFFIRMATIVE DEFENSES**

    Defendant, Commodore, Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint under 29 U.S.C. 201-216 Overtime Wage Violations (the "Complaint") filed by the Plaintiff, Jorge Roberto Prado Aragon ("Plaintiff"), and states as follows:

    1.    Defendant makes no response to the allegations contained in Paragraph 1 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant.  To the extent that the allegations in Paragraph 1 of Plaintiff's Complaint are directed towards Defendant, Defendant acknowledges that Plaintiff attempts to allege an action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-206, *et seq.* (the "Act")*,* but Defendant denies the allegations contained in Paragraph 1 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that Plaintiff has a valid claim against Defendant.

    2.    Upon information and belief, Defendant admits the allegations in Paragraph 2 of Plaintiff's Complaint, but Defendant denies the allegations contained in Paragraph 2 insofar as

Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

3. Defendant makes no response to Paragraph 3 of Plaintiff's Complaint as those allegations are not directed towards Defendant. Nevertheless, to the extent that the allegations in Paragraph 3 of Plaintiff's Complaint allege or imply that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that it is a company, that it transacts business in Dade County, and that it employed Plaintiff. Defendant denies the remainder of the allegations contained in Paragraph 4, including, but not limited to, any allegation or implication that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

5. Defendant makes no response to the allegations contained in Paragraph 5 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 5 of Plaintiff's Complaint are directed towards Defendant, Defendant admits only that Defendant Sylvano Bignon is an officer of Defendant. Defendant denies the remainder of the allegations contained in Paragraph 5 of Plaintiff's Complaint, including, but not limited to, any allegation or implication that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

6. Defendant makes no response to the allegations contained in Paragraph 6 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 6 of Plaintiff's Complaint are directed towards Defendant, Defendant admits only that Plaintiff was employed by Defendant in Dade County. Defendant denies the remainder of the allegations contained in Paragraph 6, including, but not

limited to, any allegation or implication that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

    7.    Defendant makes no response to the allegations contained in Paragraph 7 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 7 of Plaintiff's Complaint are directed towards Defendant, Defendant acknowledges that Plaintiff attempts to allege an action to recover purported overtime compensation under the Act, but Defendant denies the allegations of Paragraph 7 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant. Defendant further denies that there are any other individuals similarly situated to Plaintiff.

    8.    Defendant makes no response to the allegations contained in Paragraph 8 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 8 of Plaintiff's Complaint are directed towards Defendant, Defendant acknowledges that Plaintiff attempts to allege that this Court has subject-matter jurisdiction under the Act and Defendant does not dispute that this Court has jurisdiction, but Defendant denies the allegations of Paragraph 8 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

    9.    Defendant makes no response to the allegations contained in Paragraph 9 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 9 of Plaintiff's Complaint are directed towards Defendant, Defendant states that 29 U.S.C. §207(a)(1) speaks for itself and, thus, Defendant

3

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6207

denies any paraphrasing or inaccurate citing of the language in 29 U.S.C. §207(a)(1) by Plaintiff in Paragraph 9.

10. Defendant makes no response to the allegations contained in Paragraph 10 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 10 of Plaintiff's Complaint are directed towards Defendant, Defendant admits that it employed Plaintiff as a maintenance worker. Defendant denies the remainder of allegations of Paragraph 10, including, but not limited to, any allegation or implication that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

11. Defendant makes no response to the allegations contained in Paragraph 11 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 11 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint, as stated. Defendant admits that it is engaged in interstate commerce, as defined under the Act. Defendant denies the allegations of Paragraph 11 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

12. Defendant makes no response to the allegations contained in Paragraph 12 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 12 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint, as stated. Defendant admits that it is engaged in interstate commerce, as defined under the Act. Defendant denies the allegations of Paragraph 12 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

GORDON & REES LLP
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6207

13.     Defendant makes no response to the allegations contained in Paragraph 13 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 13 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint, as stated. Defendant further denies the allegations of Paragraph 13 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

14.     Defendant makes no response to the allegations contained in Paragraph 14 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 14 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint, as stated. Defendant further denies the allegations of Paragraph 14 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

15.     Defendant makes no response to the allegations contained in Paragraph 15 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 15 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant makes no response to the allegations contained in Paragraph 16 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 16 of Plaintiff's Complaint are directed towards Defendant, Defendant admits only that Plaintiff was employed by Defendant. Defendant denies the remainder of the allegations in Paragraph 16 of Plaintiff's Complaint, including, but not

GORDON & REES LLP
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6207

limited to, any allegation or implication that Plaintiff is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

17. Defendant makes no response to the allegations contained in Paragraph 17 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 17 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations of Paragraph 17 insofar as Plaintiff alleges or implies that he is entitled to damages or any other relief from Defendant or that he has a valid claim against Defendant.

18. Defendant makes no response to the allegations contained in Paragraph 18 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 18 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations contained in Paragraph 18.

19. Defendant makes no response to the allegations contained in Paragraph 19 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 19 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations contained in Paragraph 19.

20. Defendant makes no response to the allegations contained in Paragraph 20 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in Paragraph 20 of Plaintiff's Complaint are directed towards Defendant, Defendant denies the allegations contained in Paragraph 20.

21. Defendant makes no response to the allegations contained in the unnumbered "Wherefore" paragraph following Paragraph 20 of Plaintiff's Complaint to the extent that those allegations are not directed towards Defendant. To the extent that the allegations in the

unnumbered "Wherefore" paragraph following Paragraph 20 of Plaintiff's Complaint are directed towards Defendant, Defendant denies those allegations. Defendant acknowledges that Plaintiff is attempting to assert a demand for trial by jury in the unnumbered "Wherefore" paragraph following Paragraph 20 of Plaintiff's Complaint but denies that any issue of fact or other question for a jury exists and further denies any allegations or implications that Plaintiff is entitled to any relief from Defendant or has a valid claim against Defendant.

22.   Defendant denies all allegations, requests for relief, captions, headings, or notes throughout Plaintiff's Complaint which are not specifically admitted by Defendant herein.

## AFFIRMATIVE DEFENSES

1.   Plaintiff's Complaint fails to state a claim under which relief can be granted.

2.   Plaintiff's claims are barred by the applicable statutes of limitation; including, but not limited to, the statute of limitations contained in the Act, 29 U.S.C. §§255(a) and 216, and any other applicable statutes of limitation and, in any event, without conceding that any wages are due, Plaintiff is barred from seeking: a) more than two (2) years of back wages for any non-willful violations of the Act; and b) more than three (3) years of back wages for any willful violations of the Act.

3.   Without conceding that there are any wages due, there exists a good faith dispute regarding the payment of wages. Thus, neither liquidated damages nor any other penalties are warranted.

4.   Plaintiff's claims are asserted in bad faith and are frivolous, unreasonable and without foundation. Defendant is, therefore, entitled to an award of costs and expenses of litigation, including reasonable attorney's fees.

5. Plaintiff was paid in full and, therefore, Defendant is released from any and all continuing obligations to Plaintiff.

6. Plaintiff has been paid and/or received all sums and benefits due by virtue of Plaintiff's employment.

7. At all relevant times herein, Defendant complied in good faith with all employment laws, labor laws, and other applicable laws, including reasonable interpretations of same, pertaining to the employment of Plaintiff, including, but not limited to, payment of wages, overtime, benefits, and maintenance of wage and time records.

8. Plaintiff did not accurately report the hours for which he seeks allegedly unpaid overtime and penalties; therefore, Plaintiff is barred from seeking to recover any such amounts from Defendant and cannot recover liquidated damages.

9. Defendant alleges that any recovery on Plaintiff's Complaint, or any cause of action contained therein, may be barred by Defendant's compliance or substantial compliance with all applicable laws underlying Plaintiff's claims of violation of the Act.

10. Any monies or other consideration claimed to be owed to Plaintiff represent amounts to which Defendant is entitled to equitable, statutory and/or contractual set-off.

11. Defendant alleges that insofar as Plaintiff's Complaint is an attempt to recover liquidated damages, such damages are not recoverable because any act or omission of Defendant was in good faith and based upon reasonable grounds for believing that it was not violating the Act.

12. Upon information and belief, Plaintiff's Complaint against Defendant is barred by the doctrine of unclean hands.

13. By his prior conduct, Plaintiff has waived any right to recover any relief under the Complaint or any purported cause of action alleged therein.

14. Plaintiff is estopped by his conduct from recovering any relief under the Complaint or any purported cause of action alleged therein.

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages. Consequently, any damages suffered by Plaintiff must be reduced in an amount by which Plaintiff and/or his agents could have mitigated those damages, if any.

16. Plaintiff's claims are barred in whole or in part to the extent that the work performed may fall within overtime exemptions in the Act and/or its regulations.

17. Plaintiff's Complaint is barred as a result of Plaintiff's failure to file with the Court a written consent to be a party plaintiff pursuant to 29 U.S.C. §216(b).

18. Defendant is not, at this time, able to fully evaluate all of the affirmative defenses that may be applicable to this action and each claim therein. On that basis and upon discovery and investigation in this case, Defendant reserves the right to amend this Answer and/or assert additional affirmative defenses, as applicable, in addition to those affirmative defenses set forth above.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery and, thus, reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing affirmative defenses.

WHEREFORE, Defendant, Commodore, Inc., respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that costs and attorney's fees be taxed against Plaintiff, Jorge Roberto Prado Aragon, and in favor of Defendant, and that all other appropriate relief in favor of Defendant, Commodore, Inc., and against Plaintiff, Jorge Roberto Prado Aragon, be granted.

Respectfully submitted this 14th day of November, 2013.

      _s/ Eric R. Thompson_____
Robin Taylor Symons
Rsymons@gordonrees.com
Florida Bar No. 356832
Eric R. Thompson
Ethompson@gordonrees.com
Florida Bar No. 888931
GORDON & REES, LLP
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4300
Miami, FL  33131
Telephone: (305) 428-5300
Facsimile:  (877) 644-6209
***Attorneys for Defendant Commodore, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2013 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the attorneys identified on the following Service List.

    *s/ Eric R. Thompson*
Eric R. Thompson, FBN 888931

**Service List**
Daniel T. Feld, Esq.
DanielFeld.Esq@Gmail.com
Jamie H. Zidell, Esq.
Zabogado@aol.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

1092318/17413256v.1

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6207